UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REGIONAL TRANSPORTATION COMMISSION OF WASHOE COUNTY,<br><br>Plaintiff,<br><br>v.<br><br>TEAMSTERS LOCAL 533,<br><br>Defendant. | Case No. 3:14-cv-00674-MMD-WGC<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 7; Pl.'s Motion for Leave to File Sur-Reply – dkt. no. 12.) |

## I. SUMMARY

Plaintiff Regional Transportation Commission of Washoe County ("RTC") seeks declaratory relief regarding its plan to implement audio recording in buses that are operated by members of Defendant Teamsters Local 533. Before the Court is Defendant's Motion to Dismiss ("MTD") (dkt. no. 7) and Plaintiff's Motion for Leave to File Sur-Reply ("Sur-Reply Motion") (dkt. no. 12). The Court has reviewed Plaintiff's response brief (dkt. no. 10) and Defendant's reply (dkt. no. 11). For the reasons discussed below, the Court will grant the Sur-Reply Motion and deny the MTD.

## II. BACKGROUND

The following facts are taken from the Complaint (dkt. no. 1-2). RTC oversees the public transportation system in Washoe County, Nevada. (*Id.* at 2.) Its assets include public buses. (*Id.*) MV Transportation, Inc. ("MV"), which is not a party in this case, operates RTC's public buses pursuant to a 2011 contract. (*Id.*) MV, in turn, has entered into a collective bargaining agreement ("CBA") with Defendant, which represents RTC's

bus drivers and other employees responsible for operating RTC's public transportation assets. (*Id.* at 3.) The CBA acknowledges that MV has a right to implement obligations that arise under the contract between RTC and MV ("MV Contract"). (*Id.* at 5.)

In February 2014, RTC's commissioners voted to activate audio recording systems on RTC's public buses, which are already equipped with a video recording system capable of recording audio. (*Id.* at 4.) RTC has never activated that audio recording function. (*Id.* at 3.) RTC expects the audio recording system to improve both safety and security for bus drivers and passengers. (*Id.* at 4.) Defendant objected to the decision to activate audio recording in April 2014, contending that the decision requires bargaining, and that the planned audio recording would be illegal under Nevada law. (*Id.* at 4-5.) On December 1, 2014, Plaintiff initiated this case in state court, seeking a declaratory judgment that the audio recording violates neither Nevada law nor the CBA. (*Id.* at 5-6.) Defendant removed the case three weeks later. (Dkt. no. 1.)

### III.   MOTION FOR LEAVE TO FILE SUR-REPLY

Plaintiff contends that Defendant raised new arguments about standing in replying to Plaintiff's opposition to the MTD. Plaintiff accordingly seeks leave to file a sur-reply that responds to those arguments. (Dkt. no. 12.) The MTD asserts that this Court lacks jurisdiction over Plaintiff's claims for declaratory relief because the Court must defer to the National Labor Relations Board ("NLRB") under the National Labor Relations Act ("NLRA"), and because the claims would require the Court to interpret the CBA. (Dkt. no. 7.)

Defendant seems to have changed course in its reply, insisting that Plaintiff lacks standing to seek the requested declaratory relief because Plaintiff is not a party to the CBA. (*See* dkt. no. 11 at 5-7.) Although Defendant references "standing" in the MTD, it appears as one of several questions that, Defendant argues, cannot be decided without interpreting the CBA. (Dkt. no. 7 at 14.) Moreover, the MTD seems to use the term "standing" to describe RTC's authority to make decisions about audio surveillance unilaterally. (*Id.*) Defendant's reply thus raises a separate standing argument to which

Plaintiff ought to have an opportunity to respond. The Court accordingly grants Plaintiff's Sur-Reply Motion (dkt. no. 12) and will consider the sur-reply in addressing the MTD.

### IV.  MOTION TO DISMISS

Defendant moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, insisting that Plaintiff has failed to state a claim because various federal labor laws preempt Plaintiff's action for declaratory relief. The Court disagrees.

#### A.  Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint "do[es] not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged —

1  but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R.
2  Civ. P. 8(a)(2)) (alteration omitted). When the claims in a complaint have not crossed the
3  line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S.
4  at 570. A complaint must contain either direct or inferential allegations concerning "all the
5  material elements necessary to sustain recovery under *some* viable legal theory."
6  *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,
7  1106 (7th Cir. 1984)).

      **B.**    **Analysis**

Defendant asserts three theories for dismissal. First, Defendant argues that this action involves a "labor dispute" under the Norris-La Guardia Act, which strips federal courts of jurisdiction "to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute." 29 U.S.C. § 101. Second, Defendant contends that federal law preempts this action — and undermines this Court's jurisdiction — pursuant to the NLRA, 29 U.S.C. § 152(9), and *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1959), which requires federal courts to "defer" to the NLRB "when an activity is arguably subject to" certain provisions of the NLRA. Finally, Defendant argues that Plaintiff lacks standing to ask this Court to assess the legality of the audio recording scheme because it would alter the terms of a contract — the CBA — to which Plaintiff is not a party. (*See* dkt. no. 11 at 5-7.) Because Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), gives this Court jurisdiction over the parties' contractual dispute, the Court will deny the MTD.

      **1.**    **Norris-LaGuardia Act, 29 U.S.C. § 101**

As a threshold matter, Defendant's reliance on the Norris-LaGuardia Act is misplaced. The Act strips federal courts of jurisdiction "to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute." 29 U.S.C. § 101. Defendant concedes, as it must, that no injunctive relief is sought here. (*See* dkt. no. 11 at 4-5 (explaining that citations to cases discussing the Norris-LaGuardia Act were offered to illustrate the term "labor dispute")). Even assuming,

4

1 without deciding, that this case involves a labor dispute, the Norris-LaGuardia Act is
2 inapplicable because the only relief sought here is declaratory.

### 2. Jurisdiction Under the LMRA, 29 U.S.C. § 185(a)

Defendant insists that the NLRA limits this Court's jurisdiction because Plaintiff's claims for declaratory relief are "arguably subject to [Section] 7 or [Section] 8 of the Act." *Garmon*, 359 U.S. at 245. Section 7 protects employees' rights to organize, engage in collective bargaining, and carry out concerted activities for collective bargaining purposes, among other activities. 29 U.S.C. § 157. Section 8 prohibits employers from engaging in unfair labor practices, such as interfering with the rights outlined in Section 7. 29 U.S.C. § 158. Under *Garmon*, if a case is "arguably subject to" these provisions, "the federal courts must defer to the exclusive competence of the [NLRB] if the danger of state interference with national policy is to be averted." *Garmon*, 359 U.S. at 245.

As Plaintiff points out, however, federal courts retain jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization" under Section 301 of the LMRA. 29 U.S.C. § 185(a); (*see* dkt. no. 10 at 7). Section 301 has been interpreted broadly; it applies "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). Section 301 additionally applies to cases that "require[] the interpretation of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988). As the Ninth Circuit has explained, "LMRA § 301 carves out a broad exception to the NLRB's primary jurisdiction for claims arising out of collective bargaining agreements, whether or not such claims would also be an unfair labor practice under section 8 of the NLRA." *Rozay's Transfer v. Local Freight Drivers*, 850 F.2d 1321, 1326 (9th Cir. 1988).

Here, Plaintiff requests declaratory relief regarding the validity — under both the CBA and Nevada law — of its decision to activate the audio recording system. (Dkt. no. 1-2 at 5-6.) Defendant insists that implementing an audio recording system constitutes a change to the existing working conditions as negotiated under the CBA, including the

CBA's safety and disciplinary provisions. (Dkt. no. 11 at 4; dkt. no. 7 at 4-5.) Because of those changes, Defendant contends, the decision to activate the audio recording system is a mandatory subject of bargaining. But resolving this argument would require interpreting the CBA to determine whether the audio recording system would, in fact, modify the working conditions that the document outlines. So would Plaintiff's request for declaratory judgment — the Court cannot assess whether the decision to activate the audio recording function is permissible under the CBA without interpreting the document. Because Plaintiff's claims arise out of the CBA, and because resolving those claims would involve the interpretation of the CBA, the Court finds that Section 301 of the LMRA provides for this Court's jurisdiction over this matter. *See Lingle*, 486 U.S. at 413; *Rozay's Transfer*, 850 F.2d at 1326. Accordingly, the Court will not dismiss this lawsuit for lack of subject matter jurisdiction.[1]

### 3.     Standing

For the first time in its reply brief, Defendant argues that Plaintiff lacks standing to seek a declaratory judgment because Plaintiff is not a party to the CBA. (*See* dkt. no. 11 at 5-7.) But "[Section] 301 suits [are] not limited to suits brought by the contracting parties;" for example, the Supreme Court has held that "an individual employee could sue under § 301 for violation of an employer-union contract." *Wooddell v. Int'l Bhd. of Elec. Workers*, 502 U.S. 93, 100-01 (1991) (citing *Smith v. Evening News Ass'n*, 371 U.S. 195, 200 (1962)). Furthermore, the Ninth Circuit has stated that "Section 301 does not limit the parties who may bring suit so long as the object of the suit is the

///

---

[1] Defendant additionally asserts that Plaintiff's request for declaratory relief is itself an interference with the collective bargaining process, and, in turn, is arguably subject to section 8 of the NRLA. (Dkt. no. 7 at 11-12.) Accordingly, Defendant argues, this Court must defer to the NRLB under the *Garmon* preemption doctrine. *See Garmon*, 359 U.S. at 245. This argument, however, assumes that the decision to activate the audio recording system is at least arguably subject to bargaining, which is a question that implicates the merits of Plaintiff's declaratory judgment claims. Furthermore, as discussed above, Section 301 of the LMRA gives federal courts jurisdiction over cases — such as this one — that require an interpretation of the CBA. *See* 29 U.S.C. § 185(a); *Rozay's Transfer*, 850 F.2d at 1326.

enforcement of rights guaranteed by an agreement between an employer and a labor organization." *Local 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 984 (9th Cir. 1999). Here, Plaintiff seeks a determination of the validity of its decision to implement the audio recording system in light of the CBA. Defendant argues that Plaintiff's decision will create changes to the workplace as it appears in the CBA. Thus, even though Plaintiff is not a party to the CBA, this case implicates the rights memorialized in the CBA. Defendant's argument that Plaintiff lacks standing because of its status as a non-party to the CBA is unpersuasive.

Finally, to the extent Defendant argues that Plaintiff lacks constitutional standing to seek declaratory relief, Defendant's reasoning is misplaced. (*See* dkt. no. 11 at 7.) For purposes of Article III standing in a declaratory judgment matter, courts assess "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Defendant suggests that Plaintiff, who is not a signatory to the CBA, lacks standing because it does not have a "right to judicial relief." (Dkt. no. 11 at 7 (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975)).) But Defendant's own motion acknowledges that the CBA could, depending on its interpretation, foreclose Plaintiff from activating the audio recording system absent collective bargaining. (*See* dkt. no. 7 at 12-15.) Defendant thus appears to be relying on the CBA to assert simultaneously that (1) Plaintiff cannot activate the audio recording system, and (2) Plaintiff lacks a right to judicial relief because it is not a party to the CBA. The first argument undermines the second — because Defendant has used the CBA to stall Plaintiff's activation of the audio recording system, Plaintiff may seek judicial relief in the form of a declaratory judgment that the CBA permits such activation. *See* 28 U.S.C. § 2201(a) (permitting a party to seek declaratory relief "in a case of actual controversy within [a federal court's] jurisdiction"). Additionally, Plaintiff alleges that the CBA

7

acknowledges MV's right to enforce the MV Contract, which, in turn, allegedly gives Plaintiff the authority to activate audio recording. (Dkt. no. 1-2 at 5.) Based on those allegations, Plaintiff's ability to enforce its contractual obligations under the MV Contract has been affected by Defendant's assertions about the CBA's breadth and application. Plaintiff has thus alleged a "substantial controversy" of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127. The Court therefore declines to dismiss this case for lack of standing.

## V.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the MTD.

It is therefore ordered that Plaintiff's Motion for Leave to File Sur-Reply (dkt. no. 12) is granted.

It is further ordered that Defendant's Motion to Dismiss (dkt. no. 7) is denied.

DATED this 25th day of January 2016

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE